## Semak v. Fiumara

*Russell C. Miller*, for plaintiffs.
*Rex Downie Jr.*, for defendants.

STEEGE, *J.*, February 23, 1987—This opinion is written pursuant to Pa.R.A.P. 1925, in support of this court's order of December 29, 1986 from which defendants have appealed.

The case arises under the Mobile Home Park Rights Act, Act of November 24, 1976 P.L. 1176, 68 P.S. §398.1, et seq. Plaintiffs are the owners of a mobile home park known as Royal Acres located in New Sewickley Township, Beaver County. Defendants live in a mobile home which occupies a lot in the park under a month to month lease. Plaintiffs seek to evict defendants from the park.

Plaintiffs initiated their eviction proceeding before a district justice, who entered a judgment in their favor from which, on February 5, 1986, defendants lodged an appeal in this court. On February 20, 1986, plaintiffs filed their complaint, alleging generally that defendants had been in violation of a park regulation which was properly in force, that defendants had been notified of the violation in conformity with the act, and that upon a second or subsequent violation of the regulation plaintiffs instituted their eviction proceeding. After the pleadings were closed, on August 13, 1986 the matter was tried before the court sitting without a jury. We entered a verdict on plaintiffs' behalf. Post-trial motions were timely filed, the record was transcribed and, after receiving briefs and hearing arguments, we entered the final order of eviction on December 29, 1986.

In reaching our verdict and entering the final order we made and thereafter sustained the following findings:

(1) Plaintiffs have established fair and reasonable rules and regulations which are related to the health or safety of residents in the park and to the upkeep of the park. Copies of the regulations were delivered to defendants and have at all times been posted in a conspicuous and readily accessible place in the park. The regulations are valid and enforceable and fully in accordance with the requirements of section 4 of the act, 68 P.S. §398.4.

(2) Rule no. 9 of the regulations provides in part:

"All vehicles must be in running condition and have current inspection stickers. Vehicles that are not inspected are not permitted in the mobile home park or grounds." Rule No. 9 is "reasonably related . . . to the upkeep of the [P]ark."

(3) By certified letter dated December 2, 1985, the return receipt for which was signed by the wife-defendant, plaintiffs advised defendants that they were in violation of the quoted provision of rule 9 in that they had parked on or near their lot, in the park, an uninspected travel-trailer. Defendants did in fact have an uninspected travel-trailer parked within the park at the time, which they did not remove from the park until after entry of the judgment of eviction against them by the district justice.

(4) Plaintiffs complied fully with the act in establishing the regulations and in taking the requisite steps to evict defendants.

In their post-trial motions, and again in their statement of matters complained of on appeal, defendants have raised only two issues. First, they contend that the act requires that plaintiffs plead and prove a "second violation" of the regulations, which plaintiffs have not done. We disagree. Sec-

tion 3(b)(2)(ii) of the act provides, in relevant part, as follows:

"No eviction action shall be commenced unless the mobile home park resident has been notified as required by this section, and upon a second or subsequent violation or breach occurring within six months, the mobile home park owner may commence eviction proceedings at any time within 60 days of the last violation or breach."

We specifically found (and defendants do not. question) that defendants were properly notified of the violation of the regulations. We read the act to say that eviction proceedings may thereafter be commenced within 60 days of a second or subsequent violation—without further notice. It was the second or subsequent violation which gave rise to the proceeding in the district justice's court and which formed the basis of the complaint filed in this court; it was both pleaded and proved to the court's satisfaction.

Defendants' only other claim on appeal is that the trial court erred in evicting them because they proved that the regulations "are not enforced with respect to . . . non-residents on the park premises," thereby running afoul of section 3(c) of the Act, 68 P.S. §398.3(c). That is a specious argument. Plaintiffs are the owners of a large tract of land in New Sewickley Township, on a part of which they laid out and constructed the park in compliance with the township's mobile home park regulations. They retained substantial acreage, including the ground on which their home is built, which was not used in constructing the park. Plaintiffs do keep earth-moving equipment and other unregistered motor vehicles on that part of their remaining property which is *not* "park premises." We specifically found that plaintiffs had never parked that equipment or those

vehicles on the park premises and, indeed, defendants never testified that they did. The argument appears to be that plaintiffs are nearby "non-residents" who are somehow subject to the regulations even though they do not reside in the park and the offending vehicles are not located within it. We found nothing to support· defendants' contention that the regulation which governs unregistered or uninspected vehicles was not uniformly enforced.

We note finally that neither in their post-trial motions nor in their statement of matters complained of on appeal have defendants suggested that the regulations were not properly posted, served, and in effect, nor that the notice of violation was not properly sent. They rely strongly upon *Malvern Courts Inc. v. Stephens*, 275 Pa. Super. 518, 419 A.2d 21 (1980), a case dealing solely with the requirements for mailing the notice of violation and inapposite here.

We therefore entered the final order evicting defendants from the park.